## IN THE IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MYRTLE GIBSON,

   Plaintiff,

v.

ACADEMY SPORTS &
OUTDOORS, D/B/A ACADEMY,
LTD. (L.P.) (TEXAS)

   Defendant.

**JURY TRIAL DEMANDED**

Civil Action File No.

_____

## COMPLAINT

**NOW COMES** MYRTLE GIBSON, through undersigned counsel, for their

Complaint for Damages against ACADEMY SPORTS & OUTDOORS

("Defendant") and for Trial by Jury, state and allege as follows:

## PARTIES

1.

Myrtle Gibson, a citizen and resident of Cobb County, resides in Acworth,

Georgia, and is a Plaintiff in this matter.

2.

Academy Sports & Outdoors, a foreign limited partnership d/b/a Academy,

LTD. (L.P.) (TEXAS), has its registered agent at resides at Corporation Service

Company, 2 Sun Court, Suite #400, Peachtree Corner, Georgia 30092, and is the Defendant in this matter. Defendant may be served with process at such address.

## JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Court based on diversity of the parties and the amount of controversy exceeds $75,000.00.

4.

Venue is proper in this Court as the tortious conduct occurred in this venue.

## GENERAL ALLEGATIONS

5.

On July 06, 2023, Plaintiff was shopping at Academy Sports and Outdoors, located at 453 E. Main Street, Cartersville, Georgia 30121.

6.

Plaintiff was walking through the grill section and while her interest was directed towards a Blackstone Grill, she took her next step and immediately tripped on something.

7.

Tumbling forward, Plaintiff fell onto the floor, landing on her left shoulder and left side of her face.

8.

Once she became oriented, Plaintiff realized she had tripped over a pallet corner protector that was inappropriately placed by the grills.

9.

Plaintiff was unable to get up due to the immediate onset of extreme pain and an ambulance was called to come to her aid.

10.

The fall from Defendant's negligence was so great, it caused Plaintiff injuries, damages, and losses with special damages at the time of filing this complaint totaling $111,937.90. Plaintiff's special damages are subject to change prior to trial.

11.

The fall at Defendant's property was so great it caused Plaintiff an acute left humeral neck fracture with mild displacement, a hematoma on the left side of her forehead, brow bone and eye, damages and losses ranging from physical therapy to continuing limitations and pain in the left shoulder.

12.

As a direct and proximate result of Defendants' carelessness, negligent actions, and conduct, the Plaintiff suffered and continue to suffer injuries, losses, and damages.

## FIRST CLAIM FOR RELIEF
### Negligence

13.

Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

14.

Defendant owed Plaintiff a duty to remedy and/or warn guests of known dangerous conditions or defects on the premises.

15.

Defendant breached his duties to Plaintiff by failing to warn or otherwise alert guests to the dangerous conditions and failing to keep their property in safe conditions to prevent falls.

16.

Defendant's actions, inactions, and conduct constitute negligence.

17.

As a direct and proximate cause of Defendant's negligence, Plaintiff suffered injuries, losses, and damages, including but not limited to, past and future economic damages, past and future pain and suffering, past and future inconvenience, emotional distress, mental anguish, and loss of enjoyment of life in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Premises Liability

18.

Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

19.

Defendants have a statutory duty, pursuant to O.C.G.A. § 51-3-1, to exercise ordinary care in keeping the premises and approaches safe.

20.

Defendants breached their duty to Plaintiff by failing to exercise ordinary care and diligence to keep the premises and approaches safe.

21.

Defendants breached their duty to individuals, including Plaintiff, by, including but not limited to, failing to properly maintain and repair the premises, which caused a dangerous condition to members of the public, including Plaintiff.

22.

Defendants were negligent in failing to maintain, inspect, manage, and keep safe the premises, thereby creating an unreasonable risk of injury to individuals, including Plaintiff.

23.

Defendant's actions, inactions and conduct constitute negligence.

24.

As a direct and proximate cause of Defendant's negligence, Plaintiff suffered injuries, losses, and damages, including but not limited to, past and future economic damages, past and future pain and suffering, past and future inconvenience, emotional distress, mental anguish, and loss of enjoyment of life in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### Attorney Fees pursuant to O.C.G.A. § 13-6-11

25.

Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

26.

Prior to commencing this action, Plaintiff offered Defendants a reasonable opportunity to settle the case.

27.

Despite this offer, Defendants failed to properly investigate, adjust, and/or evaluate the claim and forced this case into litigation. Such conduct was done in bad faith.

28.

Accordingly, based on the foregoing – among other reasons – Defendants have acted in bad faith, been stubbornly litigiousness, and has caused plaintiff unnecessary trouble and expense to authorize the award of the expenses of litigation, including reasonable attorney fees under the provisions of O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment against Defendant and for relief as follows:

a. A trial by jury;

b. That Summons and Process issue and that the named Defendants be served with a copy of this Complaint and that Defendants be required to appear and answer;

c. Special damages against Defendants, including but not limited to, past and future medical expenses and out of pocket expenses, lost income, and loss of earning capacity, in an amount to be proven at trial;

d. General damages, including but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress, in an amount to be proven at trial;

e. All other compensatory damages caused by Defendants actions, to be proven at trial;

f.  That Defendants be charged with all Court costs attributable to this action and such other cost reasonably incurred in the prosecution and trial of this case;

g.  Pre-judgement and post-judgment interest as provided for by law;

h.  For such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and proper.

Respectfully submitted January 17, 2025.

**GEIGER LEGAL GROUP, LLC**

_____

Ashley Thomas 271895
Georgia Bar Number
A. Casey Geiger
Georgia Bar Number 324547
Christopher P. Brown
Georgia Bar Number 795154
*Attorneys for Plaintiff*

157 Reinhardt College Parkway
Suite 400
Canton, Georgia 30114
Phone:        (770) 720-4600
Facsimile:   (770) 720-4646
Email:        athomas@geiger-legal.com
                  acgeiger@geiger-legal.com
                  cbrown@geiger-legal.com